# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, ) | No. 77738-6-I |
| ) | |
| Respondent, ) | DIVISION ONE |
| ) | |
| v. ) | |
| ) | |
| BRIAN O'KEITH RITCH, ) | UNPUBLISHED OPINION |
| ) | |
| Appellant. ) | FILED: June 11, 2018 |

SPEARMAN, J. — To prevail on a claim of prosecutorial misconduct where a defendant did not object at trial, the defendant must establish that the prosecutor's comments were so flagrant that the resulting prejudice could not have been cured through instruction to the jury. Brian O'Keith Ritch challenges his conviction, arguing that the prosecutor's comments during closing argument were improper and prejudicial. But any impropriety in the comments could have been cured through instruction. We affirm.

## FACTS

Ritch was tried on charges of child rape and child molestation. Ritch's daughter, H.R., testified to repeated incidents of abuse occurring over several years. She described in detail incidents that occurred when she was nine and ten years old. The jury convicted Ritch as charged. He appeals.

## DISCUSSION

Ritch asserts that the prosecutor committed reversible misconduct during closing argument. To prevail on a claim of prosecutorial misconduct, a defendant must generally establish that the prosecutor's comments were both improper and prejudicial. State v. Fisher, 165 Wn.2d 727, 747, 202 P.3d 937 (2009). Where the defendant did not object to the allegedly improper comments at trial, he must meet a heightened standard. In that case, the defendant must show that the misconduct was so flagrant and prejudicial that it could not have been cured by instruction. Id.

Ritch first objects that the prosecutor bolstered H.R.'s credibility and argued facts outside the record. A prosecutor has wide latitude to argue inferences from the evidence during closing argument. Fisher, 165 Wn.2d at 747. A prosecutor may not, however, argue facts not in evidence. Id. Likewise, a prosecutor may not vouch for a witness's credibility, as by expressing a personal belief in the witness's veracity. State v. Thorgerson, 172 Wn.2d 438, 442, 258 P.3d 43 (2011). We review a prosecutor's comments during closing argument in the context of the entire argument. Fisher, 165 Wn.2d at 747.

H.R. was twelve years old at the time of trial. After testifying to the abuse, she stated that she did not tell anyone at the time because Ritch told her not to and because she was scared it was her fault. H.R. testified that she eventually disclosed the abuse because she was so sad. She said that one night, about a year before trial, she had been crying all night. She tried to stay awake to talk to her mother in the morning before she left for work. But, H.R. stated, she fell

asleep and did not wake up until after her mother had left. Id. at 269. She described the next day as "just a sad day." Verbatim Report of Proceedings (VRP) at 268. H.R. testified that, when her mother came home for lunch, she tried to tell her about the abuse but could not. Her mother asked what was wrong and then, H.R. stated, she told her.

At times during her testimony, H.R. spoke inaudibly, needed to take breaks, and needed tissues. She also yawned and appeared sleepy. She stated that she was tired from talking.

In closing argument, the prosecutor recounted H.R.'s testimony concerning the day she disclosed the abuse:

> And so when I asked her why – how did you finally decide to tell, she said it was just too sad. I don't even remember anything about that day except it was just a really sad day. I couldn't sleep. And I was crying and crying. And I thought I might stay up long enough that I could tell my mom first thing in the morning, but I didn't make it.
> Apparently judging by the yawning on the stand sleepiness is a response that [H.R] experiences in response to stress and in response to the fact she'd been up most of the night until roughly 4:00 a.m. trying to hold on until she could tell her mom, but she didn't make it. She fell asleep.

VRP at 564. Ritch objected that there was no testimony referring to 4:00 a.m., stating "I just don't – I believe she spoke about 4:00 a.m. I don't believe that was testified to." Id. at 564-65. The court responded "[t]o that extent, that the question goes to a particular timing as to what was involved or not, I will go ahead and strike that portion as to the time itself." Id. at 565.

On appeal, Ritch argues that the prosecutor's comment that H.R. became sleepy as a response to stress is unsupported by evidence. He argues that this

comment amounted to arguing facts outside the record and improperly bolstering H.R.'s credibility. Ritch asserts that he objected to this comment below and need only meet the lesser standard of showing that the comment was improper and prejudicial.

We disagree. Ritch's objection below was to the time 4:00 a.m. He did not object to the argument that H.R.'s yawning and sleepiness were a response to stress. To prevail, he must show that the comment was not only improper but also so prejudicial that it could not have been cured through instruction. Ritch fails to meet this standard. If there was any impropriety in the prosecutor's comment about H.R.'s yawning and sleepiness, it could have been cured through instruction.

Ritch next argues that the prosecutor misstated the law concerning the jury's role and the State's burden of proof. Under the pattern jury instruction approved by the Supreme Court, juries are instructed that if, after full and fair consideration of the evidence, they "have <u>an abiding belief in the truth of the charge</u>," they are satisfied beyond a reasonable doubt. <u>State v. Boyd</u>, 1 Wn. App.2d 501, 521, 408 P.3d 362 (2017) <u>rev. denied</u>, 190 Wn.2d 1008, 414 P.3d 578 (2018) (quoting WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01 (4th ed. 2018) (emphasis added). In contrast, it is improper to instruct the jury that its role is to "determine the truth" or that its verdict must "speak the truth." <u>State v. Emery</u>, 174 Wn.2d 741, 760, 278 P.3d 653 (2012). This is because the jury's role is to determine whether the State has proved the charge beyond a reasonable doubt, not to determine the truth. <u>Id.</u>

4

In this case, Ritch's theory at trial was that H.R.'s testimony was inconsistent and uncorroborated. The prosecutor, in her closing argument, reminded the jury that it was the sole judge of credibility. After summarizing the testimony supporting each element of the crimes charged, the prosecutor addressed the burden of proof:

> I want to talk to you now about the notion of beyond a reasonable doubt. . .
>
> This is a legal standard, not an impossible standard. It doesn't mean beyond all concept of any doubt that you might create in your own mind. It doesn't mean that you start asking yourself could this have been a masked intruder who came in, and she just got confused? You don't have to reach for outlandish explanations, and I don't have to disprove those.
>
> I simply have to prove to you beyond a reasonable doubt that what we are alleging happened at the hands of this defendant actually did happen beyond a reasonable doubt. <u>Which means that if you have an abiding belief in the truth of the facts that you heard from the testimony here, then you can be satisfied</u>.
>
> Specifically with regard to rape of a child and child molestation charges, the victim's testimony – an alleged victim's testimony need not be corroborated. There is no DNA requirement. There is no physical injury requirement.

VRP at 562-63 (emphasis added). In her final comments, the prosecutor argued:

> [Ritch] said all you need – all the State wants to say is that all you need is a little girl to say so. What you need is for that girl to say so, and then to ask yourselves do I have an abiding belief in the truth of what she said? And if what she said is true, is it a violation of the law as described in these instructions?

Id. at 628.

Ritch contends that, by telling the jury to consider whether it had "an abiding belief in the truth of the facts that you heard from the testimony here," the prosecutor urged the jury to find the truth. VRP at 562. He asserts that this was flagrant misconduct that could not have been cured through instruction. We

disagree. The prosecutor correctly argued that the jury was the sole arbiter of credibility and that H.R.'s testimony alone, if credible, was sufficient to establish each element of the crimes charged. In context, the prosecutor did not urge the jury to find the truth. Any impropriety in referring to "an abiding belief in the truth of the facts," rather than "an abiding belief in the truth of the charge" could have been cured through instruction.

Affirmed.

WE CONCUR:

_Spearman, J._

_Trickey, J._

_Dwyer, J._